

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Mlambo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3383

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mlambo v. Atty Gen USA" (2008). *2008 Decisions.* Paper 299.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/299

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3383

PRIOR BEKITHEMBA MLAMBO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-965-727)
Immigration Judge: Honorable R.K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: October 30, 2008)

OPINION

PER CURIAM

Prior Bekithemba Mlambo petitions for review of a final order of removal of the

Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the

petition for review.

Mlambo is a native and citizen of Zimbabwe who came to the United States in January 2000 as a non-immigrant to attend a university. In December 2003, the Immigration and Naturalization Service issued a notice to appear charging that Mlambo was subject to removal because he failed to maintain or comply with the conditions of non-immigrant status under which he was admitted. Through counsel, Mlambo conceded that he did not attend the university from May 31, 2000, until the present, and that he was removable as charged. Mlambo applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

For the reasons set forth in the IJ's decision, the IJ granted Mlambo withholding of removal, finding that he was persecuted in Zimbabwe on account of a protected ground, and that he would more likely than not suffer future persecution. Mlambo, however, was unhappy with this form of relief because he was concerned that he would be unable to have his family, who were living in the United Kingdom, join him here. Mlambo sought asylum, but the IJ concluded that his asylum application, filed in October 2003, was untimely.

The IJ rejected Mlambo's argument that extraordinary circumstances excused him from filing his application until October 2003. Mlambo testified that he became ill in July 2000, that he was diagnosed with colon cancer in January 2001, and that he received chemotherapy from April 2001 until August 2001. Mlambo's cancer was in remission from August 2001 until June 2004, when it returned. The IJ stated that she could understand Mlambo's delay in filing his asylum application based upon his diagnosis with

a life-threatening disease, but she concluded that waiting until October 2003 to file was unreasonable. The IJ stated that she would have considered the application timely filed if Mlambo had applied by the end of 2001, four or five months after the cancer went into remission.[1]

The BIA agreed that Mlambo did not file his application within a reasonable period of time and dismissed his appeal. The BIA remanded the record to the IJ to complete the necessary background and security checks related to the grant of withholding of removal. Mlambo then moved for reconsideration of the BIA's order, arguing that the BIA did not consider certain arguments in his brief.[2] The BIA granted the motion and vacated its prior decision. The BIA, however, again concluded that Mlambo's asylum application was untimely and adopted and affirmed the IJ's decision. The BIA remanded the record to the IJ to complete the background checks related to the grant of withholding of removal. The IJ then entered a final order denying asylum and relief under the CAT and granting withholding of removal. This petition for review followed.

We must first address our jurisdiction over the petition for review. The

---

[1] The IJ also stated in her decision that she would have found the application timely if Mlambo had filed it within six months of August 2001, when his cancer went into remission.

[2] Mlambo also filed a petition for review. In March 2007, we dismissed the petition for lack of jurisdiction because a final order had yet to be issued based on the BIA's remand of the record to the IJ.

Government correctly argues that we lack jurisdiction to review a claim that an alien met his or her burden of showing that extraordinary circumstances excuse the untimely filing of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006). We may, however, entertain constitutional claims or questions of law. Jarbough v. Attorney General, 483 F.3d 184, 189 (3d Cir. 2007). As discussed below, Mlambo presents colorable questions of law for our review. We thus deny the Government's motion to dismiss the petition for review.

Mlambo contends that at the outset of his hearing the IJ expressed the view, contrary to the immigration regulations, that she would not consider his depression as an excuse for his untimely asylum application. Mlambo notes that, under 8 C.F.R. § 1208.4(a)(5), extraordinary circumstances include a "[s]erious illness or mental or physical disability. . .during the 1-year period after arrival[.]" Mlambo further contends that, when his lawyer asked him about his depression, the IJ made clear that she found it irrelevant.

We agree with the BIA that the record does not reflect that the IJ applied a rule that depression can not constitute an extraordinary circumstance excusing an untimely asylum application. In her decision, the IJ recognized that Mlambo's illness "would have a powerful impact on the psychological condition of the individual." Joint App. at 23. The IJ stated:

> This is a life-threatening disease, and certainly an individual who is diagnosed with such a life-threatening disease would be depressed, and so the Court certainly can understand a delay in the filing of an application.

4

> However, the issue in this case is how much time should the person be allowed to hold off on the filing of an asylum application if he is suffering from a serious illness? The respondent is still suffering from a serious illness. Should the Court wait until the illness is either cured or goes into permanent remission, if there is such a thing?

Joint App. at 23. The IJ then recounted the facts regarding Mlambo's illness, including his statement in his affidavit that he was severely depressed because he was here without his family, and that people were telling him that he would probably not survive; his statement at the asylum office that he did not fully recover until the latter half of 2002; and his testimony that his cancer was in remission from August 2001 until June 2004.[3]

Mlambo argues that the IJ's decision must be viewed in the context of her statements at his hearing. The hearing transcript suggests that the IJ did not believe that depression resulting from the separation from one's family would constitute extraordinary circumstances because that is a factor present in all cases. Joint App. at 82. When Mlambo's counsel argued that Mlambo's depression resulted from his illness, the IJ replied that he was asking for too much. Joint App. at 83. The IJ stated that she was willing to give Mlambo a year beyond the deadline to file his application, but not two years. The IJ noted that Mlambo had filed his application while he was still undergoing treatment, and that he could have applied earlier. The transcript reflects that the IJ was considering what was reasonable under the circumstances, and her decision makes clear

---

[3]The IJ also noted that Mlambo had stated at the asylum office that he delayed filing his application because he did not know the asylum process. The IJ stated that such a lack of knowledge did not warrant a waiver of the filing deadline.

that those circumstances included Mlambo's emotional state.[4]

Mlambo further argues that, when counsel tried to elicit testimony about his depression on two occasions, the IJ's responses demonstrated that she found such testimony irrelevant. We disagree. Mlambo notes that, when counsel asked him whether his diagnosis affected his emotional health, the IJ asked counsel to move on. Joint App. at 138. The IJ, however, stated that the answer was obvious, implicitly recognizing that such a diagnosis would have a negative effect. Mlambo also notes that, when counsel asked Mlambo how he felt during the months after he stopped treatment until the time he filed his asylum application, the IJ interrupted him. Joint App. at 139-40. The IJ did so, however, in order to review the circumstances surrounding when he stopped treatment. Mlambo then testified about his state of mind and what he was doing from the time he stopped treatment until his cancer returned. Counsel then asked Mlambo why he did not file his asylum application until October 2003, and Mlambo further testified about his depressed state. Joint App. at 143.

We conclude that the IJ's decision was not contrary to the regulations. The IJ recognized Mlambo's depressed state resulting from his cancer, but concluded that the time that he waited to file was unreasonable, a conclusion that we lack jurisdiction to review.

_____

[4]Under the regulations, extraordinary circumstances may excuse the failure to file within the 1-year period as long as the alien filed the application within a reasonable period given those circumstances. 8 C.F.R. § 1208.4(a)(5) (emphasis added).

Based on our decision that the IJ's decision was in conformity with the law, we find no error in the BIA's decision not to refer this matter to a three-member panel. <u>See</u> <u>Purveegiin v. Gonzales</u>, 448 F.3d 684, 688 (3d Cir. 2006) (discussing referrals to a three-member panel under 8 C.F.R. § 1003.1(e)(6)).[5]

Accordingly, we will deny the petition for review.

---

[5]The Government's motion to summarily affirm the BIA's decision in this regard, which was referred to us for disposition, is denied as unnecessary.